MOE E. BROUZELL, IMPLEADED, ETC., PLAINTIFF, v. WILLIAM H. T. REEVES AND JOHN REEVES. DEFENDANTS.

Submitted May 16, 1930—Decided November 18, 1930.

Before Justices PARKER, CAMPBELL and BODINE.

For the plaintiff, *Julius J. Golden.*

For the defendants, *Lester C. Leonard.*

PER CURIAM.

The suit is by husband and wife, and arises out of a collision of automobiles at a cross road. There were three counts in the complaint, the first being by the husband, Moe Brouzell, claiming $1,000 for injuries to his automobile; the second being by the wife, for personal injuries, and resulting in a verdict in her favor which is not brought up on this rule; and the third being by the husband, as husband, for loss of the services of his wife. The jury brought in a verdict generally in his favor for $1,600 against John Reeves as master and William as servant.

This rule attacks only the verdict as respects the husband; and even as to him there seems to be no serious denial of defendants' negligence. As we read the brief, the discussion seems to be confined to the matter of contributory negligence, and it will be so considered. The points are, first, that the verdict in favor of Moe was against the weight of evidence; second, an alleged error in the charge on the subject of a stop street and knowledge of the fact by the plaintiff; and thirdly, the admission in evidence of testimony tending to show that immediately after the accident the son of the defendant John R. Reeves said to his father in the presence of several witnesses, "Father, you know I told you to stop * * *," and the father cut him off short with "Sh." The court also commented on this evidence and this is attacked in the fourth reason.

The accident occurred in the borough of Interlaken in the county of Monmouth. Defendant was driving westerly on an east and west street called Edgemont drive, which appears to run very close to the inlet to Shark river on the north side thereof, and which crosses a main north and south highway called Norwood avenue. The question is one largely of veracity as between the plaintiff and the defendant. The jury appeared to have believed the plaintiff and disbelieved

the defendant, and after reading the testimony including that of several witnesses, apparently quite impartial, we cannot say that the jury erred in their belief. It was rainy and misty; the plaintiff said it was not raining very heavily, but the defendant said it was pouring in torrents and that he never saw it rain harder. The time was between three and four o'clock on March 23d. Plaintiff was driving a large Rickenbacker car northward on Norwood avenue and defendant a Whippet in a westerly direction on Edgemont drive. Plaintiff came over the bridge from the south and undertook to cross Edgemont drive. The two cars came together approximately at the northeast corner of the two streets and the Rickenbacker car was struck towards its rear end, which was swung clear around until stopped facing towards Asbury Park, and collided with the car of a man named Devereaux who was driving on Norwood avenue. The defendants' car seems also to have been slewed around, as it was turned north on Norwood avenue. The controversy of fact on this point was whether the defendant caught the rear of the plaintiff's car, or the rear of the plaintiff's car caught the front bumper of the defendants' car; after all there is little difference, the fact being that the plaintiff had all but got across the street and out of the way when the collision occurred. Norwood avenue was a main highway and a "stop" street; and the Traffic act (*Pamph. L.* 1928, *p.* 739, *art.* 10, § 3), makes it unlawful for the car on the side street to enter on the stop street without having come to a complete stop at a certain point in the side street. As we view the matter, the verdict was clearly not against the weight of evidence; and this disposes of the claim that there was error in refusing to nonsuit, and in refusing to direct a verdict for the defendant.

The second point attacks a short passage of the charge which reads as follows: "I incline to the view, however, as a matter of law that it makes no difference whether the plaintiff knew that the street in question was a stop street, so far as the consideration of the main case is concerned." This is taken out of a long sentence, and the charge on the subject of the stop street covers more than two pages of the printed

case. Naturally a trial court should not be lightly condemned on a mere sentence cut out of a lengthy passage of the charge; and our view is, that even if the court was wrong in saying that it makes no difference whether the plaintiff knew or did not know that he was on a stop street, that error, if harmful at all, is harmful to the plaintiff and not to the defendant, because if the plaintiff did not know it, then he would be under a somewhat greater duty of care with respect to interesecting streets than if he did know it.

The third and last point relates to letting in the testimony of what the little son said to his father after the accident and what the father said to him. Counsel discuss rather fully the question of admission by silence; and with the general law on that subject as propounded in the briefs, we have no quarrel. But we think this case is not within the rule. When the father silenced the boy by saying "Sh," the jury were clearly entitled to infer that this ejaculation meant substantially, "yes, I know you did, but don't say anything about that here because it would tend to make me liable in damages," and this in effect is what the judge said to the jury, which is also challenged. Here again counsel takes one sentence out of a lengthy passage on the subject and undertakes to utilize that as a basis of a new trial. We perceive no error either in the admission of the testimony or in the judge's comment thereon.

The rule will be discharged.